NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ANDRES EZEQUIEL MATEO
SICHE; MILAGRITOS STEFANY
MARCOS TEJADA; GIANELLA AYMAR
GONZALES MARCOS; MELODY JESSY
MATEO MARCOS,

　　　　Petitioners,

　v.

PAMELA BONDI, Attorney General,

　　　　Respondent.

No. 24-2320

Agency Nos.
A246-016-117
A246-016-118
A246-016-119
A246-016-120

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 10, 2025[**]
Portland, Oregon

Before: TALLMAN, OWENS, and VANDYKE, Circuit Judges.

Andres Ezequiel Mateo Siche, his wife Milagritos Stefany Marcos Tejada,

and their two minor children (collectively, "Petitioners"), natives and citizens of

---

[*]　This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]　The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

Peru, petition for review of the Board of Immigration Appeals' ("BIA") decision dismissing their appeal of the Immigration Judge's ("IJ") decision denying their applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). "Where the BIA writes its own decision, as it did here, we review the BIA's decision, except to the extent it expressly adopts the IJ's decision." *Diaz-Reynoso v. Barr*, 968 F.3d 1070, 1075-76 (9th Cir. 2020). "We review for substantial evidence the BIA's factual findings, which should be upheld unless the evidence compels a contrary result." *Id.* at 1076 (citation and internal quotation marks omitted). As the parties are familiar with the facts, we do not recount them here. We deny the petition for review.

1. The BIA did not err in determining that Petitioners waived the issue of whether their proposed particular social groups lacked particularity, which was dispositive of their asylum and withholding of removal claims. *See Alanniz v. Barr*, 924 F.3d 1061, 1068-69 (9th Cir. 2019) (holding that there was no error in the BIA's waiver determination); *see also Umana-Escobar v. Garland*, 69 F.4th 544, 550 (9th Cir. 2023) (noting that administrative exhaustion under 8 U.S.C. § 1252(d)(1), while not jurisdictional, is a claim-processing rule that the court "must enforce" when it is "properly raise[d]" (citation omitted)).

Petitioners' Notice of Appeal and brief to the BIA did not mention "particularity." Their mere citation to *Matter of A-M-E & J-G-U*, 24 I&N Dec. 69

(BIA 2007), was insufficient to put the BIA on notice that they were raising particularity. *See Bare v. Barr*, 975 F.3d 952, 960 (9th Cir. 2020) ("What matters is that the BIA was sufficiently on notice so that it 'had an opportunity to pass on this issue.'" (citation omitted)). Their conclusory statements that the particular social groups were "cognizable" under "Board precedent" were also inadequate. *See Rizo v. Lynch*, 810 F.3d 688, 692 (9th Cir. 2016) (holding that the petitioner failed to exhaust his asylum claim because the "conclusory statement d[id] not apprise the BIA of the particular basis for [his] claim that the IJ erred").

2. Substantial evidence supports the BIA's denial of CAT protection. The record does not compel the conclusion that it is "more likely than not" that Petitioners would be subjected to torture "by or at the instigation of or with the consent or acquiescence of a public official" if removed to Peru. *See Sharma v. Garland*, 9 F.4th 1052, 1067 (9th Cir. 2021) (setting forth CAT standard by quoting 8 C.F.R. §§ 208.16(c)(2), 208.18(a)(1)); *Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010) (per curiam) ("[G]eneralized evidence of violence and crime . . . is not particular . . . and is insufficient to meet this standard.").

3. Any error in the BIA's statement that the two minor children did not file their own applications was harmless because their counsel told the IJ that the minors were proceeding on the "same facts" as their parents' applications, and there was no evidence that they had unique claims. *See Zamorano v. Garland*, 2

F.4th 1213, 1228 (9th Cir. 2021) (noting that this court applies "traditional administrative law principles" in reviewing BIA decisions, including "the harmless error rule" (citation omitted)).

4.  The temporary stay of removal remains in place until the mandate issues.

**PETITION FOR REVIEW DENIED**.